WILLIAM CHURCH, AS OVERSEER OF THE POOR OF THE TOWN OF BURLINGTON, APPELLANT, *v.* JOHN FANNING, RESPONDENT.

*Overseer of the poor — may receive an assignment of a claim as indemnity from a person who is chargeable to the public for expenses incurred during her sickness and in her burial — he may receive and enforce in his official capacity a claim for wages assigned to him.*

One Bridget Rice, while employed by the defendant at weekly wages as a domestic, was taken sick in March and died on the thirteenth of the following April. As she had no property, other than the amount due to her for wages from the defendant, and as he neither paid nor properly cared for her in her sickness, she became a town charge, and the plaintiff, as overseer of the poor, was compelled to expend, legally and necessarily, the sum of fifty-seven dollars and eighteen cents in caring for her during her last sickness and in her burial. After she became chargeable to the town she assigned to the plaintiff the amount due to her from the defendant for the purpose of indemnifying him in his official capacity, so far as she could, for such expense as he might be put to in her behalf.

Upon the trial of this action, brought by the plaintiff, as overseer of the poor, the referee found that the defendant was indebted to Bridget, in March, 1885, in the sum of $180.50, but held that the plaintiff, in his official capacity, acquired no title to the cause of action, and had not legal capacity to maintain this action.

*Held,* that he erred in so doing.

That it is not against public policy for a poor person suddenly taken sick and chargeable upon the public to indemnify, so far as she may be able, the public authorities against expenses incurred on her account.

That it was the duty of the plaintiff to accept from Bridget Rice indemnification for the expenses incurred in her care, in so far as it could be fairly and justly done, and that at common law he had a right to enforce by action a chose in action so received.

APPEAL from a judgment dismissing the complaint, entered in Otsego county, upon the trial of this action by a referee.

*R. M. Townsend*, for the appellant.

*L. S. Henry*, for the respondent.

FOLLETT, J. ·

This is an appeal from a judgment of the Supreme Court dismissing the complaint with costs, entered upon the report of a referee. During four years prior to March, 1885, Bridget Rice had been employed by defendant at weekly wages as a domestic in defendant's family, in the town of Burlington. In this month she was taken very sick, of which sickness she died April 13, 1885. She was without property, except the amount due her from defendant, who neither paid nor properly cared for her in her sickness, and she became a legal charge upon the town of Burlington. The plaintiff, as overseer, legally and necessarily expended fifty-seven dollars and eighteen cents in caring for her during her last sickness and in her burial. After she became chargeable to the town she assigned to the overseer of the poor the amount due to her from defendant, for the purpose of indemnifying the plaintiff in his official capacity, so far as she could, for such expenses as he might be put to in her behalf. These facts are found by the referee, and he also found that defendant was justly indebted to Bridget Rice, March 26, 1885, in the sum of $180.50, but held that the plaintiff, in his official capacity, acquired no title to the cause of action, and had not legal capacity to maintain an action for the recovery of said demand. This position cannot be maintained. It is not against public policy for a poor person, suddenly taken sick and chargeable upon the public, to indemnify, so far as she is able, the public authorities from expenses incurred on her account. It is not only not against public policy, but is a meritorious transaction, to be commended and not condemned. Had this poor person come in possession of a sum of money or an article of property while being cared for by the overseer, can it be doubted that if she had voluntarily transferred the money or property to the overseer, for the purpose of indemnifying him, that he would have acquired title to the money or property in his official capacity, and would have been

liable to account for it to his town? Had this debt been evidenced by the defendant's note, and Bridget Rice had voluntarily, without fraud or undue influence, transferred it to the overseer for the purpose of indemnity, we think he could have maintained an action thereon, and so in this case the plaintiff acquired a good title, as against the defendant, to this debt. As a general rule, all public officers (though not expressly authorized by statute) have capacity to sue commensurate with their public trusts and duties. (*Supervisors* v. *Stimson*, 4 Hill, 136; *Looney* v. *Hughes*, 26 N. Y., 516; *People* v. *Supervisors*, 32 id., 477.) We have no doubt that it was the duty of this officer to accept from Bridget Rice indemnification for the expenses incurred in her care, in so far as it could be fairly and justly done, and that at common law he has a right to recover by action a chose in action so received.

The judgment is reversed and a new trial ordered, with costs to abide the event.

HARDIN, P. J., and BOARDMAN, J., concurred.

Judgment reversed and new trial ordered before another referee, with costs to abide the event.